AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Middle District of Pennsylvania

FILED
WILKES-BARRE
JUL 09 2024
PER _____
DEPUTY CLERK

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| JUSTIS SHEA | ) | Case No. 5:24 MJ 57 |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ May 1, 2024 _____ in the county of _____ Luzerne _____ in the _____ Middle _____ District of _____ Pennsylvania _____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g) | Felon in Possession of a Firearm |
| 18 U.S.C. 924(c) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime |

This criminal complaint is based on these facts:

See attached affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Edward Palka, TFO, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _____ 07/09/2024 _____

_____
*Judge's signature*

City and state: _____ Wilkes-Barre, PA _____

U.S. Chief Magistrate Judge Joseph F. Saporito, Jr.
*Printed name and title*

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR CRIMINAL COMPLAINT AGAINST JUSTIS ALLEN SHEA:

Your affiant, Edward Palka, a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco and Firearms (ATF), being duly sworn, hereby deposes and states as follows:

1.      I, Edward Palka, was sworn in as a Task Force Officer for the Bureau of Alcohol, Tobacco and Firearms (ATF) in May 2018, providing me with the ability to conduct investigations, obtain search warrants and court orders as well as make arrests under Federal law in the United States District Courts.  I am currently a supervisor in the Narcotics Division of the Kingston Police Department.  I have been a Police Officer in Kingston since 1998 and am currently in my 25th year of service.   Prior to service with the Kingston Police Department, I was a full-time Police Officer with the East Stroudsburg University Police from 1996 to 1998 and worked part-time with the Delaware Water Gap Police Department in 1997 and 1998. Before becoming a Police Officer, I received a Bachelor's Degree

in Criminal Justice from Penn State University.

I have received training from the PA State Police, Maryland State Police, M.A.G.L.O.C.L.E.N., A.T.F, D.E.A, Luzerne County District Attorney's Office, PA Office of the Attorney General and other law enforcement agencies. I am a member of the Luzerne County Drug Task Force since 2000 and have worked both in uniform and in an undercover capacity. I received a Unit Citation Award in 2005,, 2018 and in 2022 and an Outstanding Performance Award in 2011 from the Pennsylvania Narcotics Officers Association, and have received a Commendation from the 1st Battalion, 109th Field Artillery Pennsylvania National Guard, and a Certificate of Appreciation from the Drug Enforcement Administration (DEA). In 2023, I received United States Attorney's Award for Distinguished Service as a Law Enforcement Officer. I was a member of the Kingston Police Tactical Response Team from its start to the time it was disbanded. I have been the lead investigator in over a thousand narcotics investigations and have applied for and received well over two hundred search warrants that led to the arrests and convictions of the offenders. I have been qualified as an expert in street level narcotics trafficking

and have testified as such in both the Commonwealth of Pennsylvania Courts and in a Federal District Court of the United States of America.

The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses.  This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant/order and does not set forth all of my knowledge about this matter.   Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of Title 18 U.S.C. § 922(g), Felon in Possession of a Firearm, and Title 18 U.S.C. 924(c), Possession of a Firearm in Furtherance of a Drug Trafficking Offense have been committed by Justis Shea.

2.      The United States, including the ATF, is conducting a joint criminal investigation with the Luzerne County Firearms Task Force, and other law enforcement agencies, of Justis Allen Shea, herein referred to as SHEA, and others regarding possible violations of 21 U.S.C. §§ 841(a)(1), 18 U.S.C. 922(g), and 18 U.S.C. 924(c), among other crimes.

3.      On June 8, 2024, Kingston Police responded to 74 N.
Dawes Avenue in Kingston, PA for a report of firearms stolen from
the residence.  Officers arrived and spoke with the owner of the
firearms, Jerome Kudrako, who advised that he had last seen the
firearms on in the beginning of May 2024 and stated that in all, 7
firearms were stolen, including 5 handguns and 2 AR style rifles.

4.      Jerome Kudrako was again interviewed by your affiant
on June 11, 2024 and advised that not only were the firearms stolen,
but his checkbook was also stolen.  Kudrako said he was advised by
his bank that a check for $500 was recently cashed. Kudrako
produced a copy of the check, showing that it was made out to
Justice SHEA, for $500. Kudrako denied ever authorizing the check
and showed your affiant that his signature did not match the one
authorizing the check.

5.      On June 12, 2024, your affiant received a call that a
Confidential Source, herein referred to as CS, was being brought to
Kingston PD in relation to the theft of guns.  Your affiant and
Kingston PD Detective Gibson, interviewed the CS.  The CS
admitted that the CS stole some of the firearms from the residence

at 74 N. Dawes Avenue in Kingston, PA, sometime in the beginning of May of 2024. The CS advised that he / she took two of the firearms, one handgun and one AR style rifle and sold them to Justice SHEA, in exchange for drugs and cash. The CS advised that another person, Cody Caruthers, took the other four firearms (three handguns and one AR style rifle) and also sold them to Justic SHEA in exchange for K2 / Spice, a controlled substance.

6. On July 2, 2024, Justis SHEA, who was currently incarcerated in Luzerne County Prison on a separate firearms and narcotics distribution charge from the PA State Police, was picked up by your affiant and Officer John Sosnoski and transported to Kingston PD. After being advised of his Miranda rights and waiving those rights, SHEA provided a videotaped statement.

7. During his statement, SHEA advised that sometime in early May of 2024, Cody Caruthers text him, saying that a female had rifles and handguns for sale. SHEA admitted that he purchased an AR-15 style rifle from this female in exchange for 4 bags of K2 / Spice. This transaction occurred at SHEA's residence at 29 Railroad Street in Glen Lyon, PA. SHEA advised that the rifle he purchased

was brought to the residence by the female, in a black duffle bag. SHEA admitted that he has a prior felony conviction for a previous firearms charge and is not legally allowed to possess a gun.  A check of SHEA's criminal history shows a felony conviction for Firearms not to be carried without a license, stemming from a March 25, 2020 arrest by Kingston PD, where SHEA was sentenced to between 11 months and 23 days to 1 year, 11 months and 15 days in prison.

8.      SHEA advised that he did not ever deal fentanyl, however, has been using it for approximately two months. He has been using K2 / Spice and meth as well.

9.      SHEA advised that he still had the AR-15 rifle that he purchased from the female, but was not positive on where it was located because others knew about the gun and he has been incarcerated for about a week.  SHEA stated that he could confirm it's whereabouts by speaking to his mother Cindy SHEA on the phone and that he would instruct her not to touch the gun, not to go get the gun, but simply advise Officers where it was so they could come get it.

10.     SHEA then advised that his mother's phone number was 570-261-9496 and your affiant dialed the number from on a cell phone and kept it on speaker. Cindy Shea got on the phone and SHEA advised his mother that he was in the presence of Detectives. SHEA told his mother not to touch the gun, but said, "You know that AR that I bought off of the girl?" and told Cindy Shea to tell the Detectives where the gun was, asking "Is it at home or in storage". Cindy Shea asked for 5 minutes to locate the gun and for Detectives to call her back.

11.     A few minutes later, Cindy Shea was called and advised that the AR rifle was on the step in her attic and that she did not touch it and that Detectives could come pick it up.  Your affiant, along with Detectives Miller, Weiss and Patton of the Luzerne County Drug Task Force, then proceeded to 29 Railroad Street in Glen Lyon, the home of Cindy Shea and Jerome Shea. Cindy Shea signed a consent to search form for the house, which asked for permission to search for firearms.  She the directed Detectives to the attic steps, where Det. Miller found the AR under a blanket.  Det. Miller photographed the rifle and empty magazine,

then placed it in an evidence box. Your affiant and the Detectives then left the residence.

12.     The rifle was brought back to Kingston PD where it was packaged as evidence by your affiant. Prior to packaging the rifle, your affiant noticed it was a Smith and Wesson Model M&P 15 bearing Serial Number TK54635. your affiant contacted Jerome Kudrako who came to KPD HQ and identified the gun as his and being one of the guns that was stolen from his house.

Respectfully submitted,

_____

Edward Palka
Task Force Officer
Bureau of Alcohol, Tobacco and
Firearms

Subscribed and sworn to before me this ____9th____ day of July, 2024.

_____
Honorable Joseph F. Saporito, Jr.
U.S. Chief Magistrate Judge